# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 95-20866
(Summary Calendar)

_____

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Manager of the
FSLIC Resolution Fund aka Federal Savings
Loan Insurance Corporation, as Receiver for
BANK UNITED OF TEXAS FSB fka
United Savings Association of Texas FSB,

                                        Plaintiff-Appellee,

versus

GEORGE M. BISHOP,

                                        Defendant-Appellant.

_____

Appeal from United States District Court
for the Southern District of Texas, Houston Divison
(CA-H-95-1274)

_____

July 10, 1996
Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

    Bishop appeals from the district court's adoption of the memorandum order issued by the

Texas Court of Appeals, First District.  Finding no error, we AFFIRM.

_____

   [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

## FACTS

On January 24, 1986, Bishop signed a promissory note and deed of trust to secure the $625,548.00 purchase price of a condominium. The note was in favor of United Financial Corp. and secured the payment of both interest and principal. The note provided that:

> Payment of the outstanding principal balance of this Note shall be non-recourse to Maker throughout the term hereof. Payment of any interest accruing on the outstanding principal of this Note shall be recourse to Maker for the first three (3) years of the term hereof. Thus, with respect to the principal of this Note, and commencing on the third anniversary of the date hereof with respect to any interest accruing on the principal of this Note, Maker (which term for purposes of this paragraph shall include Maker, individually and as Trustee, any party holding by, through or under Maker, any partner of Maker. . . ) shall not be personally liable for the payment of any amounts payable under the terms of this Note or under the Security Documents and in the event of default under the terms hereof or under the Security Documents which occurs on or after the third anniversary of the date hereof, Payee shall rely solely upon foreclosure of the above mentioned liens securing payment of this note to satisfy the obligations of Maker hereunder and under the Security Documents, and no deficiency or other money judgment shall ever be sought or obtained against Maker.

Bishop never made any payments, and on October 2, 1987, Old United sent Bishop written notice of default. On October 20, 1987, Old United filed suit against Bishop to collect on the Note. In March, 1988, the bank foreclosed the lien under the Deed of Trust. At the foreclosure sale, Old United purchased the property for $484,000, thus taking a loss of $142,000 on the principal balance. Old United's first suit for the (interest) deficiency was dismissed without prejudice for want of prosecution. When Old United failed, the Note was assigned to United on December 30, 1988. On June 14, 1990, United filed the present action.

At trial, after United rested its case, Bishop moved for an instructed verdict. The trial court granted Bishop's motion. The decision was reversed on appeal by the First District of Texas, which also remanded for a new trial on January 5, 1995. The Federal Deposit Insurance Corporation ("FDIC") then substituted for United, and removed the case to Federal Court on April 27, 1995 pending Bishop's Application for Writ of Error before the Texas Supreme Court. The District Court adopted the decision of the First Court of Appeals on August 3, 1995, giving Bishop the right to appeal to this Court. Bishop moved for a new trial eight days later. On September 13, 1995, the District Court denied Bishop's motion for a new trial. Notice of appeal was then filed on October 18, 1995.

Bishop argues on appeal that the terms of the note unambiguously prohibited this suit seeking a deficiency judgment, and that a note secured by a deed of trust cannot be sued upon when it had previously subjected to a non-judicial foreclosure. The FDIC argues that this court cannot have jurisdiction because there can be no appeal from a new trial order.

## DISCUSSION

**Jurisdiction**

The FDIC notes that the district court's adoption of the Texas judgment remanding this case for a new trial is the equivalent of granting a motion for new trial by the district court. The grant of a motion for new trial is an unappealable interlocutory matter. *Arenson v. Southern University Law Center*, 43 F.3d 194, 196 (5th Cir. 1995). Thus, the FDIC suggests that the present appeal be dismissed and the case remanded to the district court for entry of a final judgment on the merits, either by trial or motion, thus avoiding a "piecemeal" process.

While it was unclear from the district court's first adoption of the Texas court's judgment whether the court was also adopting the new trial order, that ambiguity was resolved by Bishop's motion for new trial and the court's subsequent denial of that motion prior to Biship's filing this appeal. Thus, this court does have jurisdiction because this is an appeal of a final order. 28 U.S.C. §1291.

## Contract Interpretation

Bishop argues that the District Court erred in holding that the note should be construed to allow this suit for a deficiency judgment. He posits that the clear terms of the note prohibit the suit because it provides that no deficiency judgment shall ever be sought or obtained against the maker. In holding that this suit was allowed under the terms of the note, Bishop argues that the Texas Court of Appeals relied on dicta in *Coker v. Coker*, 650 S.W. 2d 391, 393 (Tex. 1983).

### *Standard of Review*

The interpretation of a contract is a question of law, and thus, we review it de novo. *Assicurazioni Generali, S.p.A. v. Ranger Insurance Co.*, 64 F.3d 979, 980 (1995). A written instrument is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning, taking into consideration the circumstances present when the instrument was executed. *Towers of Texas, Inc. v. J. & J. Systems, Inc.*, 834 S.W. 2d 1,2 (Tex. 1992).

A contract is not ambiguous merely because the parties disagree upon the correct interpretation. *Pollock v. Federal Deposit Insurance Corp.*, 17 F.3d 798, 803 (5th Cir. 1994). Moreover, if a written instrument is so worded that it can be given a certain or definite legal meaning

or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Coker*, 650 S.W.2d at 293. To achieve this objective, no single provision taken alone will be given controlling effect, rather the entire writing should be considered in order to harmonize and give effect to all the provisions of the contract. *Id.* Contrary to Bishop's assertion, these principles were not dicta, but were used to interpret the meaning of the divorce decree at issue: the Texas Supreme Court interpreted the decree in such a way as to harmonize various paragraphs of the document. *Coker*, 650 S.W. 2d at 293.

In arguing that the contract provides that no deficiency payment shall ever be sought or made against the maker, Bishop is taking a portion of one sentence out of context, and omitting the qualifying phrases. The full sentence provides that if the maker defaults on or after the third anniversary of the date of the note, then the payee can rely only on foreclosure and cannot get deficiency or any other money judgment. As the Texas Court of Appeals found, this interpretation is consistent with the rest of the paragraph which provides that while the principal of the debt is non-recourse, "payment of any interest accruing shall be recourse to Maker for the first three years." Nothing in the third sentence quoted selectively by Bishop limits the payee's remedy as to the interest on the Note where default occurs before the third anniversary, and thus this third sentence is consistent with the previous sentence.

The suit as filed was for the accrued interest, not the deficiency of principal. Moreover, the Texas Court of Appeals found that Bishop defaulted before the third anniversary of the date of the note, and Bishop does not contest this finding. Thus, Bishop's argument is without merit. Bishop is

5

not sheltered against suit for accrued interest by the no-suit provision because he defaulted before the third anniversary of the date of the note.

**Post-foreclosure suit**

Bishop further asserts that the remedies of suit on a note and a non-judicial foreclosure are inconsistent. Bishop did not raise this argument at the trial court level. In the original trial, Bishop moved for instructed verdict on six grounds. Originally, Bishop argued that (1) the Note specifically prohibited a deficiency suit, (2) the documents were drafted by the bank and must be strictly construed against it, (3) the foreclosure sale brought $484,000 which would more than pay the $103,000 sought by the bank, (4) the bank had not established the amount of interest owed, (5) the lawsuit was time-barred, and (6) the bank had not met its burden to show that it was a holder in due course. Bishop raised the inconsistent remedy argument for the first time before the Texas appellate court. The appellate court found for the bank on all of the grounds argued before the trial court, but did not address Bishop's argument of inconsistent remedy in its memorandum opinion. We will not address an issue raised for the first time on appeal unless it is a purely legal issue and our refusal to consider it would result in a miscarriage of justice." *U.S. v. D.K.G. Appaloosas, Inc.,* 829 F.2d 532, 537-38 (5th Cir. 1987), *cert. denied* 485 U.S. 976, 108 S. Ct. 1270, 99 L. Ed. 2d 481 (1988). Thus, we must consider whether failure to apply the doctrine of inconsistent remedy so as to preclude this suit would result in a miscarriage of justice.

The principle of inconsistent remedy applies only in cases involving an election between two remedies where either remedy alone would satisfy the obligation. *Ward v. Green*, 88 Tex. 177m, 30 S.W. 864, 866 (Tex.1895). Inconsistant remedy may also be used as an equitable doctrine where the

assertion of a remedy is unconscionable, dishonest, contrary to fair dealing, or manifestly unjust. *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W. 2d 848, 852 (Tex. 1980). None of the several cases cited by Bishop assert that a suit on a note is necessarily inconsistent with foreclosure. *See e.g., Vance v. Wilson*, 382 S.W. 2d 107 (Tex. 1964); *Bocanegra*, 605 S.W. 2d at 852.

In the case sub judice, Bishop owed both the entire principal amount of the Note and all interest accrued those first three years. The principal amount, under the terms of the Note, was nonrecourse, therefore United received as much as it was going to get when it foreclosed on the condominium and sold it for $484,000. United had no recourse for the $142,000 difference between what it loaned Bishop and what it received in selling the condominium, nor is it seeking any. However, this suit is for the deficiency of interest accrued, not for the deficiency of principal. The FDIC, in the shoes of United, is not trying to "double dip," it is merely trying to get the interest owed it under the clear terms of the Note. Thus, this suit on the note is not inconsistent with the nonjudicial foreclosure, and there is no manifest injustice in our refusing to consider this argument that was not raised below. AFFIRMED